IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OWEN HARTY,<br><br>             *Plaintiff,*<br><br>      v.<br><br>SHOWCASE PLAZA SHOPPING CENTER, INC.,<br><br>             *Defendant.* | CIVIL ACTION NO. 17-5300 |

## ORDER

Plaintiff Owen Harty filed suit against Defendant Showcase Plaza Shopping Center, Inc., seeking injunctive relief, prospective fees, and attorneys' fees and costs under the Americans with Disabilities Act[1] ("ADA"). As Defendant has not responded to the Complaint and Plaintiff has obtained an entry of default from the Clerk of Court, Plaintiff now files the instant motion for default judgment. For the reasons that follow, the Court will grant Plaintiff's motion.

Plaintiff is a Florida resident who is mobility-impaired and is bound to ambulate in a scooter or with other assistive devices. He is also an ADA "tester" for purposes of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation comply with the ADA.[2]

Plaintiff allegedly has visited Defendant's premises, located in Bensalem, Pennsylvania, which include various entities such as Sherwin Williams, Century 21, Primo Hoagies, Meera Cash & Carry, and an Irish pub. According to Plaintiff, Defendant's property contains several architectural barriers that discriminate against Plaintiff based upon his disability, and endanger

---

[1] 42 U.S.C. § 12181, *et seq.*

[2] ADA testers are "part of the class of people protected by the ADA, many of them in wheelchairs, paralyzed, deaf, or blind," who "seek to uncover facilities in violation of [the ADA]." Kelly Johnson, *Testers Standing up for Title III of the ADA*, 59 Case W. Res. L. Rev. 683, 693 (2009).

his safety.  Those barriers include missing signs for handicap parking spots, certain obstructions impeding the pathway along the sidewalk, and particular deficiencies related to the path of travel to the facilities on Defendant's property.  Plaintiff therefore is allegedly prevented from returning to the property to enjoy the goods and services available to the public.

Once default is entered pursuant to Federal Rule of Civil Procedure 55(a), whether or not to grant a party's motion for entry of default judgment under Rule 55(b) "is left primarily to the discretion of the district court."[3]  As a threshold matter, the district court is advised to "ascertain whether the unchallenged facts constitute a legitimate cause of action."[4]  After such analysis, the evaluation of a motion for entry of default judgment is governed by the Third Circuit's *Chamberlain* factors: (1) prejudice to the plaintiff if default judgment is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether the defendant's delay is due to culpable conduct.[5]

Plaintiff has stated facts that constitute a legitimate cause of action for disability discrimination under Title II of the ADA.  Plaintiff has alleged "(1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator."[6]  Plaintiff, a mobility-impaired individual, has sufficiently shown that there are handicap parking spaces with missing signs, there are obstructions impeding the pathway along the sidewalk, and there is a lack of a compliant,

---

[3] *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

[4] *Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 433 (E.D. Pa. 2015) (citation omitted).

[5] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

[6] *Harty v. Azad Holdings LLC*, No. 14-6566, 2016 WL 4045338, at *3 (E.D. Pa. July 27, 2016) (citation omitted).

accessible route to the facilities on Defendant's property.[7]  As Defendant owns and operates this place of public accommodation, Plaintiff has therefore stated a legitimate cause of action.[8]

An evaluation of the *Chamberlain* factors also supports an entry of default judgment in this case.  "[D]enying the motion will prejudice [Plaintiff] because he has no other means of vindicating his claims against Defendant."[9]  Because the absent Defendant has failed to answer, the Court cannot determine that it has a meritorious defense.[10]  Lastly, as Defendant has disregarded all communications from Plaintiff, and the record does not suggest any good faith justification for Defendant's failure to respond, Defendant's conduct is construed as culpable.[11]

**AND NOW**, this 8th day of March 2019, upon consideration of the Request for Default Judgment [Doc. No. 9], it appearing that this Court has jurisdiction over Defendant, which was properly served, and based upon the hearing on the assessment of damages held on November 19, 2018 [Doc. No. 12], and Plaintiff's submission of additional documentation as to damages [Doc. No. 14], it is hereby **ORDERED** as follows:

1.  Plaintiff's Request for Default Judgment [Doc. No. 9] is **GRANTED**.

---

[7] Doc. No. 14; *see* 28 C.F.R. § 36.304(b) (providing examples of steps to remove barriers from places of public accommodation, such as "[m]aking curb cuts in sidewalks and entrance," and "creating designated accessible parking spaces").

[8] Compl. ¶ 7; 42 U.S.C. § 12181(7)(E) (highlighting that a shopping center is a place of public accommodation under statute).

[9] *Harty*, 2016 WL 4045338 at *3 (internal quotation marks and citation omitted).

[10] *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 52 (3d Cir. 2003) ("Because the defendants had not yet filed an answer, the District Court was unable to evaluate whether they had a litigable defense; the second factor was hence inconclusive.").

[11] *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) (citation omitted) ("Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard.").

2.  Judgment will be entered by separate order, directing appropriate relief, including injunctive relief, attorneys' fees[12], costs[13], and a reinspection fee,[14] as detailed in Plaintiff's Motion [Doc. No. 9-1].

3.  Plaintiff must serve this Order, along with the separate judgment order, upon Defendant Showcase Plaza Shopping Center, Inc., within **7 days** of the date of this Order, and file a certificate of service on the docket.

It is so **ORDERED.**

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**

---

[12] After examining Plaintiff's motion, which includes resumes, affidavits, the actual billed hours and details for billing, and the community standards and examples of billing practices, the Court concludes that the hours billed by Plaintiff's attorney are not "unreasonable for the work performed." *Washington v. Phila. Cty. Court of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996) (citation omitted).

[13] The authority to award reasonable attorneys' fees includes "the authority to award reasonable out-of-pocket expenses . . . normally charged to a fee-paying client in the course of providing legal services." *Planned Parenthood of Cent. N.J. v. Attorney Gen. of State of N.J.*, 297 F.3d 253, 267 (3d Cir. 2002).

[14] "Reinspection fees are compensable in ADA cases" to confirm that ADA violations have been corrected. *Maurer v. Shiva-Egg Harbor, Inc.*, No. 13-6494, 2014 WL 6474052, at *4 (D.N.J. Nov. 18, 2014 (collecting cases).